# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALEXZANDER HOUSTON,**

    **Plaintiff,**

**v.**                                                              Case No:   6:18-cv-708-Orl-31DCI

**NICHOLAS GALLUZZI and "JOHN DOES" 1-5,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 21) filed by Defendant Nicholas Galluzzi (henceforth, "Galluzzi") and the response in opposition (Doc. 23) filed by the Plaintiff, Alexander Houston.

According to the allegations of the Amended Complaint (Doc. 20), which are accepted in pertinent part as true for purposes of resolving this motion, Houston was a passenger in a car that was being pursued by police officers. The car crashed, the driver fled, and Houston attempted to surrender. (Doc. 20 at 3). While doing so, he was shot in the shoulder – without provocation – by Galluzzi, an officer of the Rockledge Police Department. (Doc. 20 at 3). Thereafter, Galluzzi and one of the John Doe defendants – all of whom were officers of the Rockledge Police Department – searched the car and Houston, respectively, but did not render medical aid to him. (Doc. 20 at 4). Several minutes later, one of the other John Doe defendants did so. (Doc. 20 at 4).

In the Amended Complaint, Houston asserts three claims pursuant to 42 U.S.C. §1983: excessive force against Galluzzi, based on the shooting (Count I); failure to intervene, as to

Galluzzi and John Doe defendants 2-5, when the first John Doe defendant failed to render medical aid to Houston rather than searching him (Count II); and a failure to immediately render aid against all defendants (Count III). By way of this motion, Houston seeks dismissal of all the claims asserted against him.

Galluzzi first argues that Houston has failed to state a claim in the first count because it is not clear which constitutional amendment he is relying on pursuant to 42 U.S.C. § 1983. (Doc. 21 at 3). Count I refers to the First, Fourth, and Fourteenth Amendments. (Doc. 20 at 6). However, while the count is not a model of clarity, it obviously asserts a Fourth Amendment excessive force claim, and the Court will treat it as such. To the extent that Houston seeks to assert a claim based on a different amendment, he may add an additional count to his complaint.

Galluzzi next argues that the Amended Complaint should be dismissed as a shotgun pleading. (Doc. 21 at 5). It is true that each count of the Amended Complaint incorporates the allegations of the count that precedes it, which is often a hallmark of a shotgun pleading. *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Centr. Fla. Cmty. Coll.,* 77 F.3d 364 (11th Cir. 1996). However, in this case the reiteration does not rise to the level of making it very difficult, much less "virtually impossible," for Galluzzi to understand which allegations are intended to support which claims. *Id.* at 366.

Finally, Galluzzi complains that Houston has failed to state a claim in Count II and Count III because those counts fail to identify their statutory or other legal basis. (Doc. 21 at 8). The Court agrees. Upon reviewing the counts, the Court cannot ascertain whether the Plaintiff is attempting to assert a Fourth Amendment claim, a substantive due process claim, or something else. Counts II and III will be dismissed without prejudice.

In consideration of the foregoing, it is hereby

**ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 21) filed by Defendant Nicholas Galluzzi is **GRANTED IN PART AND DENIED IN PART**. Count II and Count III are **DISMISSED WITHOUT PREJUDICE** In all other respects, the motion is **DENIED**. If Houston wishes to file another amended complaint, he must do so on or before December 10, 2018.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 26, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE