# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXZANDER HOUSTON,**

    **Plaintiff,**

**v.**                                                                                                       Case No: 6:18-cv-708-Orl-31DCI

**NICHOLAS GALLUZZI, "JOHN DOES"
1-5, NICHOLAS HOLBROOK and
DAVID GROSE,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 33) filed by Defendant Nicholas Galluzzi (henceforth, "Galluzzi") and the response in opposition (Doc. 40) filed by the Plaintiff, Alexzander Houston ("Houston").

### I.  Background

According to the allegations of the Second Amended Complaint (Doc. 30), which are accepted in pertinent part as true for purposes of resolving the instant motion, on December 1, 2016, Houston was the passenger in a vehicle evading capture by the police. (Doc. 30 at 3). When the vehicle crashed, Houston complied with police orders, exited the vehicle, and surrendered but was shot in the shoulder by Galluzzi, an officer with the Rockledge Police Department. (Doc. 30 at 2-3). Rather than immediately providing medical aid to Houston, another officer with that department, Nicholas Holbrook ("Holbrook"), donned gloves and began searching him. (Doc. 30 at 4). Subsequently, about three minutes after the shooting, another (unnamed) officer began providing medical aid to Houston. (Doc. 30 at 5).

On May 8, 2018, Houston filed the instant suit pursuant to 42 U.S.C. § 1983, asserting claims against Galluzzi and five "John Doe" defendants. (Doc. 1). On July 20, 2018, Houston filed an amended complaint (Doc. 20), naming the same defendants. On October 26, 2018, the Court granted in part Galluzzi's motion to dismiss. (Doc. 29).

On December 10, Houston filed the Second Amended Complaint; among other changes, Houston named as defendants two additional officers of the Rockledge Police Department – Holbrook and David Grose ("Grose"). In Count I, Houston asserts an excessive force claim against Galluzzi. (Doc. 30 at 5-6). In Count II, he asserts claims against Galluzzi and Grose for failing to intervene when Holbrook searched Houston rather than immediately providing medical aid. (Doc. 30 at 7-9). And in Count III, he asserts claims against all the defendants for failing to immediately provide medical aid to him. (Doc. 30 at 9-10).

**II. Analysis**

As in his previous motion, Galluzzi again argues that the Second Amended Complaint must be dismissed as a forbidden "shotgun pleading." (Doc. 33 at 3-6). The Court rejected this argument as applied to Houston's previous pleading, (Doc. 29 at 2), and Galluzzi has failed to show that Houston's latest effort is notably more difficult to respond to than his earlier one.[1]

Galluzzi also complains that in Count I Houston is improperly attempting to assert an excessive force claim against him pursuant to the Fourteenth Amendment rather than the Fourth Amendment. (Doc. 33 at 6-7). Similarly, he argues that in Count III Houston is improperly

---

[1] In attempting to make this point, Galluzzi does point to one change: In the earlier version of Count II, Houston had reincorporated "each and every" of his preceding allegations. (Doc. 20 at 7). In the Second Amended Complaint, that count incorporates "all the prior *relevant* factual allegations." (Doc. 30 at 7) (emphasis added). While the Court finds this alteration to be a bad pleading practice, as it makes the pleading more vague, it is not enough to tip the scales toward a finding that the Second Amended Complaint is a shotgun pleading.

attempting to assert a claim for failure to provide medical aid claim pursuant to the Fourth Amendment rather than the Fourteenth.  (Doc. 33 at 10).  Houston denies attempting to assert a Fourteenth Amendment-based claim in Count I, and the Court does not read that count as asserting such a claim.  Accordingly, the motion will be denied as to that count.

As for Count III, Houston admits that, "[o]ut of an abundance of caution" (Doc. 33 at 10), he asserted his failure to render aid claim under both the Fourth and Fourteenth Amendments.  A number of courts within this circuit have found that an arrestee's right to medical care arises solely under the Fourteenth Amendment.  *See, e.g.*, *Adams v. Franklin,* 111 F.Supp.2d 1255, 1267 (M.D. Ala. 2000).  Houston does not dispute this.  Accordingly, the motion will be granted as to any Fourth Amendment claim asserted in Count III.

Finally, Galluzzi argues that in Count II, Houston has failed to assert a claim for failing to intervene.  Much of Galluzzi's argument is based on an interpretation of that count as asserting that Holbrook – who searched Houston – used excessive force against him, and that the other officers failed to intervene to stop this constitutional violation.  (Doc. 33 at 7-10).  But Houston is not asserting an excessive force claim against Holbrook.  He is asserting that Holbrook took too long to provide medical aid to him.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (11th Cir. 1983) (stating that the Due Process Clause requires responsible government agency to provide medical care to persons who have been injured while being apprehended by police).  Thus, most of Galluzzi's arguments as to this point are misguided.

Galluzzi does argue that Count II fails to state a claim because "it is impossible to intervene in an act that is not being performed."  (Doc. 33 at 7).  However, this argument is not persuasive.  For one thing, Galluzzi provides no case law in support of it.  In addition, as a matter

of logic, it is possible for an officer who sees that another is failing to perform some constitutionally mandated obligation to instruct the other officer to begin doing so.

However, as noted above, Houston is already asserting, in Count III, a claim against all of the defendants for failing to render medical aid. Given the facts of this case, the failure-to-intervene claim asserted in Count II is duplicative of the failure-to-render-aid claim asserted in Count III.[2] Accordingly, Count II will be dismissed.

### III. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 33) filed by Defendant Nicholas Galluzzi is **GRANTED IN PART AND DENIED IN PART** as set forth above. Count II is **DISMISSED** as duplicative. The Fourth Amendment claim asserted in Count III is **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 26, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2] "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available. To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Manning v. Carnival Corp.*, No. 12–22258–CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (quotations omitted).