# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXZANDER HOUSTON,**

    **Plaintiff,**

**v.**           Case No: 6:18-cv-708-Orl-31DCI

**NICHOLAS GALLUZZI, "JOHN DOES"
1-5, NICHOLAS HOLBROOK and
DAVID GROSE,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the motions to dismiss (Doc. 41, 42) filed by Defendants David Grose (henceforth, "Grose") and Nicholas Holbrook ("Holbrook"), respectively, and the responses in opposition (Doc. 43, 44) filed by the Plaintiff, Alexzander Houston ("Houston").

    **I.**     **Background**

According to the allegations of the Second Amended Complaint (Doc. 30), which are accepted in pertinent part as true for purposes of resolving the instant motion, on December 1, 2016, Houston was the passenger in a vehicle evading capture by the police. (Doc. 30 at 3). When the vehicle crashed, Houston complied with police orders, exited the vehicle, and surrendered but was shot in the shoulder by Defendant Nicholas Galluzzi ("Galluzzi"). (Doc. 30 at 2-3). Like the other defendants in this case, Galluzzi is an officer with the Rockledge Police Department. (Doc. 30 at 2).

Rather than immediately providing medical aid to Houston, Defendant Nicholas Holbrook ("Holbrook") spent "no less than a minute and twenty-two seconds" donning gloves, and then

began searching him. (Doc. 30 at 4). Both Galluzzi and Defendant David Grose ("Grose") saw that Holbrook was not providing aid to Houston, but neither intervened to provide such aid themselves or to convince Holbrook to do so. (Doc. 30 at 4-5). About three minutes after the shooting, another (unnamed) officer began providing medical aid to Houston. (Doc. 30 at 5).[1]

On May 8, 2018, Houston filed the instant suit pursuant to 42 U.S.C. § 1983, asserting claims against Galluzzi and five "John Doe" defendants. (Doc. 1). On July 20, 2018, Houston filed an amended complaint (Doc. 20), naming the same defendants. On October 26, 2018, the Court granted in part Galluzzi's motion to dismiss. (Doc. 29). On December 10, Houston filed the Second Amended Complaint; among other changes, Houston added Holbrook and Grose as defendants.

In Count I, Houston asserts an excessive force claim against Galluzzi. (Doc. 30 at 5-6). In Count II, he asserted claims against Galluzzi and Grose for failing to intervene when Holbrook searched Houston rather than immediately providing medical aid.[2] (Doc. 30 at 7-9). And in Count III, he asserts claims against all the defendants for failing to immediately render medical aid to him. (Doc. 30 at 9-10). Holbrook and Grose argue, *inter alia*, that the claims asserted against them in Count III should be dismissed on the basis of qualified immunity.[3]

---

[1] It is not clear from the pleading, but according to Houston's responses to these motions, the officer who began providing aid to him arrived after the shooting and was not one of the named defendants.

[2] By way of a separate order (Doc. 45), the Court dismissed the failure to intervene claims in Count II on the grounds that they were redundant as to the failure to provide aid claims in Count III.

[3] The other arguments made by Holbrook and Grose in their motions were also raised by Galluzzi in his motion to dismiss (Doc. 33) and were resolved in the order (Doc. 45) addressing that motion. Accordingly, those arguments are moot.

## II.     Legal Standard

"Qualified immunity protects government officials performing discretionary functions … from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Jacoby v. Baldwin County*, 835 F.3d 1338, 1343-44 (11th Cir. 2016) (quoting *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996)).   In this Circuit, the law can be "clearly established" for qualified immunity purposes only by decisions of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose.   *Id.* at 1344 (citing *Jenkins v. Talladega Bd. of Educ.*, 115 F.3d 821, 826 n.4 (11th Cir. 1997)).   If a public official was acting within the scope of his or her discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is inappropriate.   *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).   To do so, the plaintiff must (1) allege facts that establish that the officer violated his or her constitutional rights and (2) show that the right involved was clearly established at the time of the putative misconduct. *Jacoby*, 835 F.3d at 1344.   The Court may consider these two prongs in either order, and a public official is entitled to qualified immunity if the plaintiff fails to establish either one.   *See Pearson v. Callahan*, 555 U.S. 223, 226, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

## III.     Analysis

Deliberate indifference to a pretrial detainee's serious medical needs is a violation of the Due Process clause of the Fourteenth Amendment.   *See Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1268 (11th Cir. 2005).[4]   As noted above, Houston alleges in Count III that

---

[4] Claims for deliberate indifference to a *prisoner's* medical needs violate the Eighth Amendment's ban on cruel and unusual punishment rather than the Fourteenth Amendment. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Snow*, 420 F.3d at 1268). However, the standards under the Eighth Amendment are identical to those under the Fourteenth, and therefore courts assessing a pretrial detainee's deliberate indifference claim may look to cases

the Defendants violated his constitutional rights by failing to provide him with any medical treatment in the approximately three minutes between when he was shot and when another officer began providing aid. (Doc. 30 at 4-5). It is not disputed that the Defendants were acting within their discretionary authority during the events at issue in the Second Amended Complaint. Accordingly, Houston bears the burden of establishing that qualified immunity is inappropriate here.

Holbrook and Grose argue that, even viewing the facts asserted in the Second Amended Complaint in the light most favorable to Houston, Count III fails to state a claim against them. They acknowledge that after being shot, Houston had a serious medical need. But they contend that the facts alleged by Houston do not show that their inaction constituted violation of a constitutional right, because there is no case law establishing that apprehending officers are *themselves* obligated to provide such aid, such that their failure to do so would constitute deliberate indifference. *See*, *e.g.*, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (in case involving shooting during an arrest, finding that where officers summoned ambulance, which promptly took pretrial detainee to hospital, city satisfied its obligation under Fourteenth Amendment to provide medical care).

Officers who take too much time summoning aid or do so in a way that results in an excessive delay can be held liable under Section 1983. *See, e.g., Valderrama v. Rousseau*, 780 F.3d 1108, 1115-17 (11th Cir. 2015) (finding that where arrestee suffered life-threatening gunshot wound to groin, officers who delayed requesting ambulance for three and a half minutes while discussing shooting, and then reported wound as lower-priority "laceration," resulting in additional seven-minute delay in arrival of ambulance, were not entitled to summary judgment on

---

involving prisoners. *Id.*

- 4 -

qualified immunity defense).   But Houston has not alleged that any of the Defendants took such actions here.   His sole allegation is that the Defendants failed to personally provide treatment within the first three minutes after the shooting.

Houston has not presented any case law imposing upon government officials an obligation to personally provide medical treatment, and the Court's research has not uncovered any.  Accordingly, the Court finds that Count III fails to state a claim, and it will therefore be dismissed without prejudice.[5]

**IV. Conclusion**

In consideration of the foregoing, it is hereby **ORDERED** that the motions to dismiss (Doc. 41, 42) filed by Defendants David Grose and Nicholas Holbrook, respectively, are **GRANTED IN PART** and **DENIED IN PART AS MOOT**, as set forth above.   Count III is **DISMISSED WITHOUT PREJUDICE**.   In all other respects, the motions are **DENIED AS MOOT.**   Should the Plaintiff wish to file an amended pleading that cures the pleading deficiency described above, he may do so on or before March 12, 2019.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 26, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5] Although Defendant Galluzzi did not raise this argument in his own motion to dismiss (Doc. 33), it applies with equal force to him.   Count III will therefore be dismissed as to all three defendants.   *See Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1219, 1248 (11th Cir. 2015) (Court may order dismissal *sua sponte* so long as plaintiff has notice and opportunity to respond).